## CIRCUIT COURT OF LOUDOUN COUNTY

Britt Construction Co., Inc.

v.

Westpack Realty
Fund VII, L.L.C., et al.

November 6, 2002

Case No. (Chancery) 21796

BY JUDGE THOMAS D. HORNE

On May 20, 2002, Britt Construction Co., Inc., filed with this Court a six count Bill of Complaint against sixteen named defendants. Britt, as general contractor under a construction contract with Westpack, alleged that it is owed certain funds in connection with the construction of a gas station and tire center. It seeks recovery of damages predicated upon theories of breach of contract and *quantum meruit* claims and to enforce its mechanic's liens filed in connection with the construction project. Attached to and made a part of the Bill of Complaint is a copy of Britt's standard AIA contract with the owner. The contract contains a provision with respect to the arbitration of claims "arising out of or relating to the contract." Moreover, unlike its contract with the owner, Britt reserved to itself the right to demand arbitration of the claims of the subcontractors who have been made parties to this action. Not until October 11, 2002, did Britt seek to withdraw from the litigation process that it had set in motion, demand arbitration, and seek a stay of these proceedings. Va. Code Ann. § 8.01-581.02.

The owner and subcontractors vigorously argue that Britt's right to demand arbitration has been waived and that a stay is inappropriate and prejudicial to their interests. In order for the defendants to prevail, they must demonstrate more than a mere delay by the complainant in asserting its right to demand arbitration. It must be shown that the defendants have suffered actual

prejudice as a result of the actions of the plaintiff in its pursuit of the litigation process prior to its demand to arbitrate. *Microstrategy, Inc. v. Lauricia*, 268 F.3d 244 (4th Cir. 2001). However, it has been observed that, "delay and the extent of the moving party's trial oriented activity are material factors in assessing a plea of prejudice." *Fraser v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987) (authorities omitted).

The owner and several of the subcontractors on the project have both orally and in writing summarized the reasons why their interests would be substantially prejudiced were the Court to entertain the plaintiff's motion.

Thus, it is suggested that the prejudicial effect of a stay flows from the following:

(1) The direct and indirect costs incurred by the owner and subcontractors in actively participating in these proceedings including the need to file responsive pleadings, including cross-claims, in an *action commenced by a general contractor* that five months later demands arbitration;

(2) The complainant, having reserved to itself the right to compel arbitration as to the subcontractors' claims, now seeks to arbitrate only its claims against the owner when such a reservation is unenforceable against the subcontractors as lacking in mutuality;

(3) The complainant has actively participated in the litigation process, including discovery and responding to the claims of the various subcontractors;

(4) The delay in requesting arbitration has unnecessarily protracted a resolution of the case;

(5) Many of the claims asserted by the complainant are not arbitrable, including claims for additional compensation, consequential damages, and *quantum meruit. Trustees of Asbury United Methodist Church v. Taylor & Parrish, Inc.*, 249 Va. 144 (1995);

(6) The actions of the complainant have resulted in a waste of judicial and the parties' resources;

(7) Mediation is an integral part of the agreed upon arbitration process but was not requested. The entanglements of a mechanic's lien action create costly and time-consuming issues for the parties. As is suggested in the pleadings, the institution of such an action has both immediate and long-term effects on the parties.

The Court will deny the application of the complainant to stay proceedings and to compel arbitration, finding that it has waived its rights under the contract to compel the arbitration of those claims that are properly subject to arbitration. At a time when this not uncomplicated case, involving a myriad of interests of parties, was poised for reference to a commissioner, the

complainant seeks to pull the plug sending some of its claims against Westpack to arbitration and the remaining claims into judicial limbo. Actual prejudice has been shown.