# CIRCUIT COURT OF THE CITY OF HOPEWELL

Shoosmith Bros., Inc.

v.

Hopewell Nursing Home, L.L.C., et al.

Case No. CL06-299

Kenbridge Constr. Co., Inc.

v.

Hopewell Health Investors, L.L.C.

Case No. CL09-108

July 24, 2009

BY JUDGE SAMUEL E. CAMPBELL

This matter comes before the Court upon a Motion to Stay Case and Compel Arbitration filed by Kenbridge Construction Company, Inc. ("Kenbridge") in Case No. CL06-299, in which Kenbridge is a named defendant. Kenbridge seeks to exercise its right to arbitration under its subcontract with Shoosmith Brothers, Inc. ("Shoosmith") to have Shoosmith's claim against Kenbridge and Kenbridge's counterclaim against Shoosmith resolved. In conjunction with that request, Kenbridge moves the Court to stay Case No. CL06-299 pending completion of the Kenbridge-Shoosmith arbitration. Additionally, Kenbridge and Hopewell Health Investors, L.L.C. ("HHI") have presented the Court with an agreed order, which the Court entered today, compelling arbitration of Case No. CL09-108. Likewise, Kenbridge moves the Court to stay CL06-299 pending the Kenbridge-HHI arbitration. For the foregoing reasons, the Court denies the Motion to Stay Case and Compel Arbitration.

Kenbridge argues that Virginia law requires the Court to compel arbitration between Kenbridge and Shoosmith in light of the terms of their subcontract. "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties *is valid, enforceable, and irrevocable*, except upon such grounds as exist at law or in equity for the revocation of any contract." Va. Code § 8.01-581.01 (2007) (emphasis added). "This language illustrates Virginia's public policy in favor of arbitration and the validity of arbitration agreements." *TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C.*, 263 Va. 116, 122, 557 S.E.2d 199, 202 (2002) (discussing Va. Code § 8.01-581.01). "On application of a party showing an agreement described in § 8.01-581.01 and the opposing party's refusal to arbitrate, the court *shall* order the parties to proceed with arbitration." Va. Code § 8.01-581.02(A) (2007). With respect to its motion to stay, Kenbridge cites the following: "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section." *Id.* at 8.01-581.02(D).

Shoosmith opposes Kenbridge's motion on the basis that Kenbridge has waived its right to invoke the arbitration clause. There is no mandatory authority from Virginia courts on the issue of waiver of arbitration; however, there is ample persuasive authority from the Fourth Circuit Court of Appeals interpreting the Federal Arbitration Act, which has been frequently cited by other circuit courts in Virginia. "Under the Federal Arbitration Act, a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985) (citing 3 U.S.C. § 6; other citations omitted). The principle of default is akin to waiver. *Id.* "Because of the strong federal policy favoring arbitration, however, we will not lightly infer the circumstances constituting waiver." *American Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 95 (4th Cir. 1996). The standard for determining whether a party has waived its right to arbitration is as follows:

> A party may waive its right to insist on arbitration if the party "so substantially utilizes the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." But even in cases where the party seeking arbitration has invoked the "litigation machinery" to some degree, "the dispositive question is whether the party objecting

to arbitration has suffered *actual prejudice*." "Neither the delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration. However, delay and the extent of the moving party's trial-oriented activity are material factors in assessing a plea of prejudice.". . . The party opposing arbitration "bears the heavy burden of proving waiver."

*Microstrategy, Inc. v. Lauricia*, 268 F.3d 244, 249-50 (4th Cir. 2001) (emphasis in original) (citations omitted).

A determination is fact-specific and made on a case-to-case basis based on the case's own unique circumstances. The Court reviews Kenbridge's actions based on this standard.

The following summarizes Kenbridge's involvement thus far in the litigation of Case No. CL06-299. On August 22, 2006, Shoosmith filed its two-count complaint against fourteen defendants. On November 15, 2006, Kenbridge answered and filed a counterclaim against Shoosmith. On February 23, 2007, Kenbridge propounded and answered interrogatories and requests for production of documents to Shoosmith. Throughout 2007, Kenbridge fully engaged in written discovery and issued subpoenas. On February 6, 2009, Kenbridge filed a motion to amend the *ad damnum* in its counterclaim. Also on February 6, 2009, Kenbridge filed a motion to consolidate Case No. CL06-299 with two separate actions filed by Kenbridge for purposes of discovery and trial. On February 23, 2009, Shoosmith filed a motion to refer Case No. CL06-299 to a Commissioner in Chancery ("Commissioner"), to which Kenbridge filed an objection on March 13, 2009. On March 23, 2009, Kenbridge argued in support of its motion to amend the *ad damnum,* in support of its motion to consolidate, and against Shoosmith's motion to refer the matter to a Commissioner. That same day, the Court entered an order granting Kenbridge's motion to amend the *ad damnum.* Also on March 23, 2009, the Court orally granted Kenbridge's motion to consolidate for purposes of discovery only (not trial) and granted Shoosmith's motion to refer the matter to a Commissioner; however, the order was not entered until June 8, 2009, because counsel could not agree on the wording of the order. On April 7, 2009, Kenbridge filed the instant motion to stay case and compel arbitration. On April 9, 2009, Kenbridge filed its amended counterclaim.

In applying the standard for waiver to these facts, the Court finds Kenbridge has waived its right to insist on arbitration. Kenbridge has "so substantially utilize[d] the litigation machinery that to subsequently permit arbitration would prejudice" Shoosmith, the party opposing the stay. *Lauricia,*

268 F.3d at 249. Shoosmith has certainly suffered actual prejudice. As of the date of its motion to stay case and compel arbitration, that is April 9, 2009, Kenbridge had spent nearly two and one-half years fully engaged in litigation. Kenbridge filed an answer and sought positive relief from the Court through a counterclaim, argued numerous motions (their own and other parties'), and fully engaged in discovery. It was only after its motion to consolidate for purposes of trial was denied and the Court orally granted Shoosmith's motion to refer the matter to a Commissioner that Kenbridge sought to insist on its right to arbitration. Shoosmith stands poised to move forward to a Commissioner's hearing and has spent over two and one-half years, which is numerous hours and dollars, preparing for litigation, not for arbitration. Shoosmith has met its burden of showing actual prejudice and proving waiver.

A strikingly similar case to the one at bar is *Britt Constr. Co. v. Westpack Realty Fund VII, L.L.C.*, 60 Va. Cir. 314 (Loudoun Co. 2002). *Britt* applied the same waiver standard to the following facts. On May 20, 2002, Britt Construction Company ("Britt") filed a six-count complaint against sixteen defendants, including the owner of land on which Britt performed construction, based on nonpayment. Britt's contract with the owner contained an arbitration clause. Nearly five months later, Britt sought to withdraw from the litigation process, demand arbitration, and stay the proceedings. The Court adopted the opposing party's bases for actual prejudice, which included the following: (1) the direct and indirect costs incurred by the owner and subcontractors in actively participating in these proceedings, including the need to file responsive pleadings; (2) Britt sought to arbitrate only its claims against the owner and not against the many other parties; (3) Britt had actively participated in the litigation process, including discovery and responding to claims by defendants; (4) the delay in requesting arbitration; and (5) Britt's actions resulted in a waste of judicial and the parties' resources. *Id.* at 315. In conclusion, the court wrote, "At a time when this not uncomplicated case, involving a myriad of interests of parties, was poised for reference to a commissioner, the complainant seeks to pull the plug, sending some of its claims against Westpack to arbitration and the remaining claims into judicial limbo." *Id.* at 315-16.

The same rationale applies to the instant case. Both cases are "not uncomplicated, involving a myriad of interests of parties." Both cases were poised for reference to a commissioner. Both cases involve arbitration between the plaintiff and only one of many defendants, thus leaving the others in limbo. In both cases, the moving party has actively participated in the litigation process, and the opposing party has incurred costs in preparing for litigation for quite some time. The only differences between the cases are (1)

the delay is much longer in the instant case (five months versus two and one-half years) and (2) Britt was the plaintiff and Kenbridge is a defendant-counterclaimant. While it is more egregious for a plaintiff to set litigation into motion and then retreat and ask for arbitration, it is not a determinative factor.

In conclusion, Kenbridge has spent two and one-half years engaging in significant pretrial activities and substantially utilizing the litigation machinery, so as to effect actual prejudice on Shoosmith if the Court were to compel arbitration between the two parties. Denying Kenbridge's request to compel arbitration, its motion to stay is moot. Likewise, the Court sees no reason to stay Case No. CL 06-299 pending completion of the Kenbridge-HHI arbitration of Case No. CL09-108. Challenges of apportionment of liability can be handled by the Commissioner and do not constitute a reason to stay a separate case. For these reasons, the Court denies Kenbridge's Motion to Stay and Compel Arbitration in its entirety.