## CIRCUIT COURT OF THE CITY OF RICHMOND

Aubrey Winston
and Debra Benjamin Winston

v.

Tingley Construction Co.,
Century 21-U.S. Realty, Inc.,
and Gail Atkins

January 17, 2013

Case No. CL10-2419

By Judge Melvin R. Hughes, Jr.

In this case, the owners of real property have brought suit against the construction company that built their home, claiming (1) breach of contract, (2) breach of the statutory implied warranty of Va. Code § 55-70.1(E), and (3) fraud.

On January 16, 2013, Defendant Tingley Construction Co. (Builder), by counsel, and Plaintiffs (buyers), by counsel, were heard on Builder's Plea in Bar and Motion To Dismiss. Plaintiff has named Century 21-U.S. Realty, Inc., as a defendant. It has not joined with Builder on the Builder's Plea and Motion. The Plea in Bar and Motion To Dismiss present the following issues: (1) whether the statutory implied warranty was effectively waived as provided by Va. Code § 55-70.1(C), (2) whether the statute of limitations in Va. Code § 55-70.1(E) bars (i) Plaintiffs' statutory implied warranty and/ or (ii) their fraud claim, and (3) whether the arbitration clause in the Real Estate Purchase Agreement (hereinafter "the Contract") was waived by Builder or is binding on Plaintiffs.

Va. Code § 55-70.1(C), which governs the creation and application of the statutory implied warranty in this case, provides that, if all of the warranties of this section are to be waived, modified, or excluded, the contract "must specifically set forth . . . that the dwelling is to be sold 'as is'." The statute also provides that, if less than all of the warranties are to be waived, they

must be mentioned "with specificity." The Contract provides that "The Warranty set forth in Section 55-70.1 of the Code of Virginia (1950, as amended) is specifically waived." Absent in the Contract provision is the language "as is." Here, the legislature has provided that, in order to waive all implied warranties, the waiver must use the language "as is." Furthermore, the Contract provision does not mention any warranties with "specificity." Therefore, on these grounds, Builder's Motion To Dismiss Plaintiffs' Breach of Warranty claim will be overruled.

Plaintiffs' statutory implied warranty is not barred by the statute of limitations laid out in Va. Code § 55-70.1(E). The statutory implied warranty for foundations of new dwellings extends for five years. Subpart (E) provides that "[a]ny action for [breach of this warranty] shall be brought within two years after the breach thereof." In *Davis v. Tazewell Place Assocs.*, 254 Va. 257, 261, 492 S.E.2d 162, 164 (1997), the Supreme Court of Virginia held that, "[i]f the buyer notifies the builder of any defects covered by the statutory warranty within the one-year statutory warranty period and the builder fails to remedy such defects, then the builder has breached its statutory duty, and the buyer is entitled to file an action for damages against the builder within two years from the date that the buyer notified the builder of the defect." Here, the warranty period is five years.

Plaintiffs notified Builder sometime in 2008 that there were defects in their home and invoked the warranty. Builder refuted any liability on October 1, 2008. Therefore, as alleged, Builder breached its statutory duty in 2008, and the statute of limitations then began to run. The action was filed in 2009, was nonsuited, and brought again in 2010. Thus, the action was timely brought, and Builder's Plea in Bar of the statute of limitations as to the implied warranty will be overruled.

Builder's Plea in Bar of the statute of limitations as to the fraud count will also be overruled. Pursuant to Va. Code §§ 8.01-249(1) and 8.01-243(A), a cause of action for fraud accrues when the fraud is actually discovered or when, by the exercise of due diligence, it reasonably should have been discovered, and the action must be filed within two years after the cause of action accrues. The burden is on the movant to show that, at this stage in the litigation, Plaintiffs' cause of action accrued outside of the limitations period. No such showing has been made here.

Lastly, Builder's motion pursuant to Va. Code § 8.01-577 to stay the proceedings pending mediation and binding arbitration shall be granted. In order to compel arbitration, the movant must show that he or she has first agreed to arbitrate, then a presumption in favor of arbitrability arises and the final issue is whether the scope of the provision includes the underlying dispute. *See Mission Residential, L.L.C. v. Triple Net Props., L.L.C.*, 275 Va. 157, 161, 654 S.E.2d 888, 890 (2008). Here, paragraph 14 of the Contract provides for binding arbitration pursuant to Va. Code § 8.01-577 et seq.

Plaintiffs argue that Builder waived its rights under the arbitration clause. Plaintiffs cite *Shoosmith Bros., Inc. v. Hopewell Nursing Home, L.L.C.,* 78 Va. Cir. 427 (2009), for the proposition that allowing substantial litigation to go forward waived the arbitration clause. However, *Shoosmith* stands for the proposition of *utilizing* litigation machinery, not allowing the other party to do so. Here, Builder and Plaintiffs allowed the case to lie fallow while waiting for a warranty company to make a payment to Plaintiffs which would mitigate any damages that Builder may be liable for.

Builder has shown a binding arbitration provision in the Contract, and Plaintiffs have not presented sufficient evidence to show waiver. Under the parties' Contract, the arbitration provision covers "any dispute arising out of or relating to this agreement. . . ." Thus, the scope of the Contract covers the disputes in this case between Builder and Plaintiffs.

For the foregoing reasons, the Plea in Bar and Motion To Dismiss are granted in part and denied in part.