**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2450**

WELLS FARGO BANK, N.A., f/b/o Jerome Guyant, IRA,

Creditor – Appellant,

v.

HIGHLAND CONSTRUCTION MANAGEMENT SERVICES, L.P.,

Debtor – Appellee,

and

JOSEPH L. BANE, JR.,

Debtor.

**No. 18-2451**

IN RE: HIGHLAND CONSTRUCTION MANAGEMENT SERVICES, L.P.

-------------------------------------------------------–

WELLS FARGO BANK, N.A., f/b/o Jerome Guyant, IRA,

Creditor – Appellant,

v.

HIGHLAND CONSTRUCTION MANAGEMENT SERVICES, L.P.,

Debtor – Appellee,

and

JOSEPH L. BANE, JR.,

Debtor.

---

**No. 18-2452**

---

IN RE: WELLS FARGO BANK, N.A., f/b/o Jerome Guyant, IRA.

----------------------------------------------------_

WELLS FARGO BANK, N.A., f/b/o Jerome Guyant, IRA,

Creditor – Appellant,

v.

HIGHLAND CONSTRUCTION MANAGEMENT SERVICES, L.P.,

Debtor – Appellee,

and

JOSEPH L. BANE, JR.,

Debtor.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:18-cv-00634-CMH-TCB; 1:18-cv-00627-CMH-TCB; 1:18-cv-00635-CMH-TCB)

---

Submitted: March 17, 2020                    Decided: March 30, 2020

---

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished opinion. Judge Wynn wrote the opinion in which Judge Keenan and Judge Harris joined.

_____

Neil D. Goldman, GOLDMAN & VAN BEEK P.C., Alexandria, Virginia for Appellant. James P. Campbell, CAMPBELL FLANNERY P.C., Leesburg, Virginia for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

This appeal concerns the scope of a security agreement that assigns a membership interest in a Virginia limited liability company.

A few years before declaring bankruptcy, Debtor Highland Construction Management Services, LP ("Highland Construction") executed a security agreement in favor of Creditor Wells Fargo Bank, N.A., f/b/o (for the benefit of) Jerome Guyant IRA ("Guyant IRA"). The security agreement assigned 50% of Highland Construction's membership interest in Sanford, LLC to Guyant IRA. Because Highland Construction had a 20% membership interest in Sanford, Highland Construction contends that it assigned to Guyant IRA a 10% membership interest in Sanford.

But playing a shell game of LLCs and relying on a recital in the security agreement, Guyant IRA claims that, rather than assigning half of its 20% membership interest in Sanford, Highland Construction assigned 16% of all funds it received from distributions from Sanford. Specifically, Guyant IRA argues that in addition to the expected 10%, it is owed 6% based on Highland Construction's interest in a second LLC, which had its own membership interest in Sanford. Guyant IRA calls this additional 6% an "indirect" interest.

The bankruptcy court rejected Guyant IRA's argument and held that Highland Construction only assigned 50% of its 20% membership interest in Sanford—i.e., 10%. The district court affirmed the bankruptcy court without a written opinion. For the reasons that follow, we affirm.

I.

4

This Court "review[s] the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court." *In re Muhs*, 923 F.3d 377, 384 (4th Cir. 2019) (quoting *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999)). We review factual findings of the bankruptcy court for clear error and questions of law de novo. *Id.*

II.

In early 2011, Highland Construction and Joseph L. Bane, Jr., commenced Chapter 11 bankruptcy proceedings. In 2016, the bankruptcy court confirmed the debtors' Third Amended Joint Plan of Reorganization. This appeal arises from later applications for administrative fees made by Highland Construction on behalf of its counsel and its authorized agent. Guyant IRA objected to the applications, claiming that Highland Construction lacked sufficient funds to satisfy Guyant IRA's secured claims prior to paying the fees. Thus, the bankruptcy court had to determine what funds were encumbered, which required determining the scope of the security interest at issue in this appeal.[1]

That security interest arose over a decade ago in 2005 when Guyant IRA made a loan to Highland Construction, and Highland Construction executed a promissory note and security agreement for Guyant IRA. In 2008, the parties modified the security agreement; the 2008 Amendment is the operative document for the present dispute. Specifically, the

---

[1] Contemporaneous with its ruling on the scope of the security interest, the bankruptcy court also granted fees to Highland Construction's counsel and authorized agent. Guyant IRA has appealed those rulings as well, but those appeals are consolidated with this one as the only issue is the scope of the security interest.

relevant portion of the 2008 Amendment sets forth an assignment of "[f]ifty percent (50%) of [Highland Construction]'s membership interest in Sanford, LLC . . . ." J.A. 904. Highland Construction owned a 20% membership interest in Sanford. Logically, this 50% assignment pertained to that 20% interest; thus, the 2008 Amendment assigned to Guyant IRA a 10% interest in Sanford.

However, the 2008 Amendment included the following recital: "WHEREAS . . . [Highland Construction] agrees to increase the security interest in [Highland Construction]'s membership interest in Sanford, LLC . . . to [f]ifty percent (50%) of [Highland Construction]'s interest in Sanford, LLC, which the parties agree is equal to sixteen percent (16%) of the total membership interest in Sanford LLC . . . ." J.A. 903.

According to Guyant IRA, the 16% figure only makes sense if the parties intended to include both the 10% from Highland Construction's "direct" interest in Sanford, as well as a 6% "indirect" interest traced through an LLC whose name appears nowhere in the security agreement: Foothills, LLC. Guyant IRA contends that Highland Construction had a 50% membership interest in Foothills' 24% membership interest in Sanford which in turn means that Highland Construction had a 12% interest in Sanford. Guyant IRA now lays claim to 50% (pursuant to the security agreement) of Highland Construction's 12% interest in Sanford (through Foothills), which amounts to 6%. We disagree.

### III.

Explaining why the assignment did not, and could not, include an extra 6% from Foothills requires a brief discussion of Virginia corporations law.

6

Sanford and Foothills are both Virginia limited liability companies. Highland Construction has a membership interest in both, and Foothills also has its own membership interest in Sanford. Under Virginia law, a membership interest in an LLC is personal property. Va. Code § 13.1-1038. "[A] limited liability company is a legal entity entirely separate and distinct from the shareholders or members who compose it." *Mission Residential, LLC v. Triple Net Props., LLC*, 654 S.E.2d 888, 891 (Va. 2008). Thus, when an LLC acquires property, title vests in the LLC, not in the LLC's members. *Erie Ins. Exch. v. EPC MD 15, LLC*, 822 S.E.2d 351, 356 (Va. 2019) (citing Va. Code § 13.1-1021).

So, when Highland Construction assigned "[f]ifty percent (50%) of [Highland Construction]'s membership interest in Sanford," it assigned a portion of its *own* property. Highland Construction, as a member of Foothills, had no power to assign, and did not assign, any portion of *Foothills'* property—i.e., Foothills' interest in Sanford. *See In re 11 East 36th, LLC*, No. 13-11506 (RG), 2015 WL 397799, at *2-3 (Bankr. S.D.N.Y. Jan. 29, 2015) (under a New York law that a member has no interest in the property of an LLC, an LLC that pledged its membership interest in a subsidiary LLC did not pledge condominiums owned by the subsidiary). Thus, the 50% membership interest assignment can *only* be of Highland Construction's 20% *direct* membership interest in Sanford.

Guyant IRA argues that, rather than claiming any portion of Foothills' membership interest in Sanford, it only claims "Highland [Construction]'s economic interest in the distributions made to Highland [Construction] by Foothills in respect of the funds Foothills received as distributions from Sanford." Appellant's Br. at 37 (footnote omitted). In a similar vein, Guyant IRA also characterizes its proposed assigned interest as "[Highland

7

Construction's] right to receive both direct . . . and indirect . . . distributions from Sanford." *Id.* at 38. But there is little use speculating what sort of contract language the parties could have used to accomplish such ends.

For our purposes, all that matters is that Guyant IRA's arguments are unsupported by the language of the 2008 Amendment. Indeed, neither the 2008 Amendment nor the underlying security agreement ever mentions "Foothills, LLC," nor does either speak of any "indirect" distribution. Instead, the 2008 Amendment uses the phrase "membership interest in Sanford, LLC" multiple times, once in the operative clause and twice in the recital that Guyant IRA relies on. J.A. 903-06.

This brings us to our final point: Guyant IRA relies on a recital from the front matter of the 2008 Amendment for its 16% calculation, but contract recitals are not binding absent ambiguity. *Va. Fuel Corp. v. Lambert Coal Co.*, 781 S.E.2d 162, 168 n.5 (Va. 2016) ("Recitals in a contract are not binding on the parties. . . . Instead, recitals are merely explanations of 'the reasons for entering into [the contract] or the background of the transaction . . . .'" (quoting Black's Law Dictionary 1462 (10th ed. 2014)). Ambiguity arises when a phrase can be understood in more than one way. *See id.* at 166. The operative "[f]ifty percent (50%) of [Highland Construction's] membership interest in Sanford" is not ambiguous. J.A. 904. As explained above, it means 50% of Highland Construction's *direct* membership interest in Sanford.

To summarize, Highland Construction had a 20% membership interest in Sanford, which was personal property of Highland Construction and which Highland Construction could assign. Highland Construction did not have a 12% "indirect" membership interest in

8

Sanford on account of its 50% membership interest in Foothills—it only had a 50% membership interest in Foothills. Highland Construction assigned 50% of its direct 20% membership interest in Sanford to Guyant IRA, nothing more and nothing less.

IV.

We dispense of Guyant IRA's remaining arguments summarily.

First, Guyant IRA argues issue preclusion, claim preclusion, and judicial estoppel.[2] These doctrines rely on prior court proceedings to affect the outcome of present proceedings. Guyant IRA identifies no fewer than six prior proceedings it claims have preclusive effect here. We disagree. Because these doctrines are all linked to prior court proceedings, they are also dependent on the records of those proceedings. Having reviewed the fragmented pieces of records from those proceedings submitted in this appeal, we conclude that Guyant IRA has not proven that these doctrines apply here.

Lastly, Guyant IRA challenges an evidentiary ruling of the bankruptcy court. Guyant IRA sought to admit a memorandum of law that Highland Construction had submitted in a prior state court proceeding. In that memorandum, Highland Construction made a fallback alternative argument using a 16% calculation that included Foothills in the security interest. The bankruptcy court ruled this memorandum was not relevant.

---

[2] Issue preclusion and claim preclusion are both species of res judicata. *See Lee v. Spoden*, 776 S.E.2d 798, 803-04 (Va. 2015) (explaining res judicata variants). Judicial estoppel is a separate equitable doctrine that "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)).

This Court reviews a lower court's evidentiary rulings for abuse of discretion and will only reverse if the abuse of discretion affected a party's substantial rights. *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 310 (4th Cir. 2006). We agree that the memorandum is not relevant to the interpretation of the unambiguous security agreement, and consideration of this memorandum does not save any of Guyant IRA's preclusion arguments.

V.

In sum, we affirm the rulings of the bankruptcy court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*