DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PERFORMANCE AIR MECHANICAL, INC.,**
Appellant,

v.

**MILLER CONSTRUCTION SERVICES, INC.,**
Appellee.

No. 4D20-41

[July 1, 2020]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. CACE-17-013411.

Michael A. Rosenberg and Peter D. Weinstein of Cole, Scott & Kissane, P.A., Plantation, for appellant.

No appearance for appellee.

KUNTZ, J.

Performance Air Mechanical, Inc. appeals a nonfinal order denying its motion to compel arbitration. Applying Virginia law, the circuit court found that Performance Air waived a contractual arbitration provision when it participated in litigation proceedings. We reverse and remand.

### *Background*

Performance Air entered into a "Refrigeration Maintenance/Service Contract Subcontractor Agreement" with Miller Construction Services to provide refrigeration maintenance and services at Costco Warehouse Corporation's Florida locations.

The parties agreed Virginia law governed the contract, and any disputes were subject to arbitration in Virginia.

Miller Construction filed a complaint against Performance Air in Florida, alleging that Performance Air conducted a refrigerant conversion project at a Costco location. Problems during the conversion process led

to food spoliation. Although Miller Construction initially sought indemnification from Performance Air before paying Costco for the loss of product, Miller Construction later paid Costco the loss amount under its own contract with Costco.

Performance Air answered the complaint and engaged in discovery. But after new counsel appeared on its behalf,[1] Performance Air moved to cease all discovery and compel arbitration under the contract's arbitration provision.

The court held a hearing on the motion to compel arbitration and determined that Virginia law applied to the issue and that Performance Air waived its right to demand arbitration under Virginia law.

## *Analysis*

On appeal, Performance Air argues the circuit court correctly determined Virginia law governs the contract but incorrectly applied Virginia's laws in deciding Performance Air waived its right to arbitration.[2]

The Virginia Supreme Court has explained that "[t]he first duty of a court asked to compel arbitration of a dispute is to 'determine whether the parties agreed to arbitrate that dispute.'" *Bank of the Commonwealth v. Hudspeth*, 714 S.E.2d 566, 569 (Va. 2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985)). Here, it is undisputed that the parties agreed to arbitrate. Instead, the issue is whether Performance Air waived that right.

"There is no mandatory authority from Virginia courts on the issue of waiver of arbitration; however, there is ample persuasive authority from the Fourth Circuit Court of Appeals interpreting the Federal Arbitration Act, which has been frequently cited by other circuit courts in Virginia." *Shoosmith Bros., Inc. v. Hopewell Nursing Home, LLC*, 78 Va. Cir. 427 (2009); *see also Ahern v. Toll Bros., Inc.*, 55 Va. Cir. 18 (2001) (stating that the Virginia Uniform Arbitration Act, Va. Code § 8.01-581.01 *et seq.*, is similar to the Federal Arbitration Act "in all material respects").

---

[1] The exact circumstances leading to Performance Air obtaining new counsel are unknown, but the record suggests an undisclosed conflict of interest prohibited prior counsel's continued representation.

[2] No answer brief was filed in this appeal. As a result, for purposes of this appeal, we accept the circuit court's conclusion that Virginia law governs the dispute.

In *Ahern*, the court stated that "[a] litigant may waive its right to arbitrate by *utilizing the litigation machinery* in a way that will cause prejudice to the party opposing arbitration if it is later permitted." 55 Va. Cir. at 24 (emphasis added) (citing *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985)). And "[t]he party opposing arbitration 'bears the heavy burden of proving waiver.'" *Shoosmith Bros., Inc.*, 78 Va. Cir. At 427 (quoting *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249–50 (4th Cir. 2001)).

The court in *Shoosmith* quoted the Fourth Circuit's explanation of waiver in *MicroStrategy, Inc.* In that case, the Fourth Circuit explained:

> A party may waive its right to insist on arbitration if the party "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." *Maxum*, 779 F.2d at 981. But even in cases where the party seeking arbitration has invoked the "litigation machinery" to some degree, "[t]he dispositive question is whether the party objecting to arbitration has suffered *actual prejudice.*" *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir.1987) (emphasis added). "Neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration. However, delay and the extent of the moving party's trial-oriented activity are material factors in assessing a plea of prejudice." *Id.* (citation omitted).

*MicroStrategy, Inc.*, 268 F.3d at 249 (alterations in original). Thus, the party opposing arbitration must show actual prejudice. *Heritage Fin. Invs. v. Geiger*, 18 Va. Cir. 131 (1989) (declining to find waiver where "[t]here has been no showing of actual prejudice to the plaintiff").

Miller Construction did not file an answer brief in this appeal, leaving Performance Air's arguments unrebutted. On that footing, we cannot conclude Performance Air waived arbitration. Performance Air answered the complaint and participated in minimal discovery, but so did the defendant in *Heritage Financial Investments*, 18 Va. Cir. at 131. In *Heritage Financial Investments*, like in this case, the defendant demanded arbitration shortly after obtaining new counsel. *Id.* The court rejected the plaintiff's waiver argument even though the defendant answered the complaint and filed a counterclaim. *Id.* Waiver requires more. *See also Degidio v. Crazy Horse Saloon & Rest. Inc*, 880 F.3d 135, 141 (4th Cir. 2018) (finding waiver when the defendant "employed judicial proceedings to pursue a litigation strategy for over three years," "filed multiple motions

3

for summary judgment, [and] served discovery . . .").

Without the benefit of argument from Miller Construction, and limited to the record on appeal, we cannot find that Miller Construction would suffer actual prejudice if compelled to comply with the contract's arbitration provision. Nor can we conclude that Performance Air's activity in the circuit court was enough to result in waiver.

As a result, we apply Virginia's public policy in favor of arbitration and reverse the circuit court's order. *See Mission Residential, LLC v. Triple Net Props., LLC*, 654 S.E.2d 888, 890–91 (Va. 2008) (citation omitted).

### Conclusion

The circuit court's order denying Performance Air's motion to compel arbitration is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

LEVINE, C.J., and CONNER, J., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

4