Rule 23 order filed
January 28, 2011;
Motion to publish granted
March 8, 2011.

NO. 5-09-0568

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| SHERRILL SABO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff, | ) | Madison County. |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL DENNIS and DENNIS TECHNOLOGY, | ) | |
| LLC, | ) | |
| Defendants. | ) | |
| | ) | |
| ------------------------------------------------------------------ | ) | No. 07-L-311 |
| | ) | |
| DENNIS TECHNOLOGY, LLC, | ) | |
| | ) | |
| Third-Party Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT NEXTEL CORPORATION, NEXTEL | ) | |
| RETAIL STORES, LLC, NEXTEL | ) | |
| OPERATIONS, INC., SPRINT SPECTRUM, | ) | |
| L.P., SPRINT SOLUTIONS, INC., RALPH | ) | |
| TRASK, and DM COMMUNICATION | ) | |
| SERVICES, INC., | ) | Honorable |
| | ) | David A. Hylla, |
| Third-Party Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE STEWART delivered the judgment of the court, with opinion.
Presiding Justice Chapman and Justice Wexstten concurred in the judgment and opinion.

**O P I N I O N**

This case is on appeal from the order of the Madison County circuit court granting a motion to compel arbitration and staying the underlying trial court proceedings. On April 3, 2007, the plaintiff in the underlying action, Sherrill Sabo, filed a complaint against Michael Dennis (Dennis) and Dennis Technology, LLC (Dennis Technology), alleging they

1

owed her in excess of $50,000 as a result of her employment with Dennis Technology. Hereinafter, we will refer to both defendants as Dennis Technology, except when we refer specifically and solely to Dennis.

Dennis Technology filed an answer, affirmative defenses, and a third-party complaint against Sprint Nextel Corp. (Sprint Nextel) and Nextel Retail Stores, LLC (Nextel Retail). Later, Dennis Technology filed an amended third-party complaint adding the remaining third-party defendants, Nextel Operations, Inc. (Nextel Operations), Sprint Spectrum, L.P. (Sprint Spectrum), Sprint Solutions, Inc. (Sprint Solutions), Ralph Trask (Trask), and DM Communication Services, Inc. (DM Communication) (collectively, the third-party defendants) (additionally, we collectively refer to all the third-party defendants except Trask and DM Communication as Sprint Nextel).

In the amended third-party complaint, Dennis Technology purported to allege causes of action for breach of contract, intentional interference with contractual relations, defamation, and false representation and requested both monetary damages and injunctive relief. Essentially, Dennis Technology alleged that the third-party defendants were responsible for its failure to pay Sabo.

On July 5, 2007, Sprint Nextel and Nextel Retail filed a motion to compel arbitration and stay the trial court proceedings, alleging that they had entered into certain agreements with Dennis Technology whereby Dennis Technology had waived its right to litigate disputes concerning those agreements and had agreed instead to submit those disputes to arbitration. Later, the remaining third-party defendants filed similar motions to compel arbitration and stay the trial court proceedings. Dennis Technology filed a response claiming that neither Sprint Nextel nor Nextel Retail had signed an agreement giving them the right to compel arbitration. Dennis Technology also alleged that it had a "variety of challenges to the arbitration provision, including unconscionability, violation of due process, [and] lack of

2

mutuality."  After an evidentiary hearing, the trial court granted the motion to compel arbitration with regard to Sprint Nextel and stayed the trial court proceedings with regard to all the third-party defendants.  Dennis Technology filed this appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Jan. 1, 2003).

On appeal, Dennis Technology makes four main arguments: (1) that we should reverse the trial court's grant of the motion to compel arbitration with regard to all the third-party defendants except Sprint Solutions because Sprint Solutions is the only third-party defendant who signed the 2006 "Authorized Representative Agreement" (2006 AR Agreement), (2) that we should reverse the trial court's stay with regard to the remaining third-party defendants, (3) that the 2006 AR Agreement is unconscionable, and (4) that Sprint Nextel violated the requirement that the parties negotiate and mediate before arbitration and thereby constructively waived its right to arbitrate.  We affirm.

## BACKGROUND

At the evidentiary hearing on the motion to compel arbitration, the parties presented the following relevant evidence.  On March 18, 2002, Dennis Technology entered into an "Authorized Representative Agreement" (2002 AR Agreement) with Nextel West Corp. (Nextel).  In the 2002 AR Agreement, Nextel authorized Dennis Technology to sell its wireless telecommunication equipment and systems in southeastern Missouri and southwestern Illinois for an initial period of two years, with the possibility of three one-year extensions.  Under the 2002 AR Agreement, either party was allowed to terminate the agreement without cause upon 30 days' written notice to the other party.  In addition, both parties agreed to the following:

"Any controversy, dispute or claim arising out of the interpretation, performance or breach of this Agreement *** shall be resolved by binding arbitration, at the request of either party, in accordance with the rules of the American Arbitration

3

Association. The arbitration shall be conducted by a panel of three arbitrators ***. The arbitration shall be held in New York City or such other location as shall be mutually agreeable ***."

The parties agreed that Dennis Technology would receive compensation according to specified plans, which included the eligibility to receive reimbursements on a sliding scale for customer accounts that remained active for up to 36 months, which they referred to as "Continuing Service Awards" (CSAs). Under the 2002 AR Agreement, Nextel reserved the right to "reduce or change" Dennis Technology's compensation plan, including its eligibility to receive CSAs. Additionally, the parties agreed that "[a]ll questions with respect to the construction" of the agreement "and the rights and liabilities of the parties" would be governed by Virginia law.

In 2003, Dennis Technology and Nextel entered into another AR Agreement (2003 AR Agreement), the relevant provisions of which were the same as the 2002 AR Agreement.

In August 2005, the merger that created Sprint Nextel was consummated. At that time, Nextel dealers, such as Dennis Technology, were generally not authorized to sell Sprint products and services, and Sprint dealers were generally not authorized to sell Nextel products and services. Blair Frock testified that he was employed by Sprint at the time of the merger with Nextel. After the merger, he was responsible for the accounts of Sprint Nextel dealers in several midwestern states, including Dennis Technology's account. In September 2005, Dennis Technology entered into an agreement with Sprint Nextel (the Addendum). Frock testified that, after the merger, there were more than 3,000 Nextel and Sprint dealers across the United States. Sprint Nextel required each of those dealers to execute virtually the same addendum with it in order to authorize the Nextel dealers to sell Sprint products and services and Sprint dealers to sell Nextel products and services.

Frock testified that, after the dealers signed the addendums and were allowed to begin

4

selling both Sprint and Nextel products and services, Sprint Nextel still had two compensation plans, one for the former Sprint dealers and another for the former Nextel dealers, which "made it very operationally inefficient for the dealers as well as for *** Sprint Nextel." Frock testified that, in order to address those issues, Sprint Nextel sent all the dealers, including Dennis Technology, an AR Agreement with uniform terms and conditions. Under the May 1, 2006, AR Agreement between Dennis Technology and Sprint Nextel (2006 AR Agreement), Dennis Technology chose to become an exclusive dealer for Sprint Nextel. Prior to signing the 2006 AR Agreement, Dennis Technology and the other Sprint Nextel dealers were allowed to choose between three types of compensation plans, with the exclusive plan providing the highest level of compensation. Frock testified that more than 30 days before the dealers were requested to sign the new AR Agreements, Sprint Nextel sent each of them a notice that it was planning to change the terms of their compensation.

Frock testified that he personally met with each of the approximately 200 dealers in his region to explain the terms of the AR Agreement Sprint Nextel was requesting them to sign. Sprint Nextel wanted the dealers to be able to ask questions and get information about the terms of the AR Agreement, but it was not willing to change any of the terms at the request of any of the dealers. Frock testified that although Dennis and his attorney proposed several changes to the 2006 AR Agreement, Sprint Nextel was "not able to accommodate" those requests because it was attempting to get all of its nationwide dealers entered into contracts with the same terms and conditions. He testified that allowing Dennis Technology to have an individualized contract would have undermined the company's goal of operational efficiency. He stated as follows:

> "If Sprint Nextel had 3,000 different contracts, trying to operationally manage[,] that would have been a nightmare. So that's why the decision was ultimately made from our legal department and our operation department that everybody has to essentially

5

be on the same terms and conditions."

Frock testified that if Dennis Technology had not signed the 2006 AR Agreement, Sprint Nextel would have terminated its dealership upon 30 days' written notice and that the same consequence applied to every Sprint Nextel dealer to whom they sent the new AR Agreement. He testified that if a dealer had not signed the new AR Agreement, Sprint Nextel would have paid the accrued CSAs, either as a continuing income stream or in a lump sum according to the net present value of that income.

The parties stipulated that Patricia Dennis, whom the record reflects is the mother of Michael Dennis, is a practicing attorney, had practiced law for 10 years, had represented Dennis Technology since its inception in 2002, and represented it in connection with the negotiations prior to Dennis signing the 2006 AR Agreement.

Dennis testified that he is the president of Dennis Technology, a company he started in 2002 in order to sell wireless products for Nextel. Dennis testified that, at the time of Nextel's merger with Sprint, Dennis Technology was one of the top 10 Nextel dealers in the St. Louis area and that, in the latter half of 2005, when the Addendum was presented to him, he agreed to start selling Sprint equipment in addition to Nextel equipment. Before the merger between Sprint and Nextel, there had been only one other store selling Nextel phones and service near Dennis Technology. After the merger, the area was "heavily saturated" with a variety of cell phone providers with retail outlets near Dennis Technology. He testified that, in May 2006, it was not possible for Dennis Technology to become a cell phone dealer for a provider other than Sprint or Nextel because the compensation plans of the other providers would not have been nearly as profitable, especially given the location and number of exclusive providers nearby.

Dennis explained that he was not happy with the compensation plans offered as a part of the 2006 AR Agreement. After having his attorney review the proposed contract, he

6

"decided [it] was not a satisfactory contract," he wanted "a little bit more clarity," and he did not want arbitration. He testified that he was very concerned with a number of issues and tried to "illuminate those to Sprint." He testified that he had several conversations with Sprint Nextel representatives about his concerns, but he could not remember the name of anyone he spoke with, the date of any particular conversation, or any other details about the conversations. Generally, Dennis testified that someone had told him that if he did not sign the 2006 AR Agreement, his dealership would be terminated without giving Dennis Technology 30 days' notice and that this person was "very clear that everything was going to disappear." He also testified that an unidentified person had told him that Sprint Nextel would not pay Dennis Technology its accrued CSAs if it was no longer a dealer. He calculated the approximate value of his CSAs when he signed the 2006 AR Agreement in May 2006 at $540,000, or $15,000 per month for 36 months. Frock testified that in the event Dennis Technology did not sign the 2006 AR Agreement, Sprint Nextel would have paid Dennis Technology the net present value of the CSAs, an amount between $100,000 and $120,000.

Dennis testified that, prior to signing the 2006 AR Agreement, he initially requested Sprint Nextel to remove the arbitration provision altogether, but its representatives declined to make any changes and told him to "take it or leave it." He testified that if required to arbitrate this dispute in New York City, he would not be able to afford the cost. He assumed that the cost of a flight to New York City would be $1,200 per seat. He did not believe there were any witnesses located in New York, and he stated that he would have to call about 30 to 40 potential witnesses, 95% of whom he estimated lived within a 50-mile radius of Madison County and none of whom were located in New York State.

He admitted that he signed the 2002 and 2003 AR Agreements, both of which also contained provisions requiring arbitration in New York City. He acknowledged that he did

7

not sign those agreements under duress and did not contend that they were unconscionable in any way. He agreed that he had owned at least five different businesses over the previous 17 years and that, at the time of the hearing, Dennis Technology was still in business providing consulting services but was no longer a Sprint Nextel dealer. In 2006, Dennis Technology was earning approximately $75,000 per month. He consulted with his attorney multiple times and had numerous conversations with Sprint representatives before signing the 2006 AR Agreement.

On May 14, 2009, the trial court entered an order granting the motion to compel arbitration with regard to all the third-party defendants except Trask and DM Communication and staying the trial court proceedings with regard to all the third-party defendants. The court found that there was a valid and enforceable arbitration provision in the 2006 AR Agreement and that all of Dennis Technology's claims against the third-party defendants fell within the scope of that provision. The court determined that Dennis Technology failed to establish its defenses of duress and unconscionability as a matter of fact and law. The court noted that the 2006 AR Agreement included a Virginia choice-of-law provision and that, under either Illinois law or Virginia law, it would grant the motion to compel arbitration.

The court found that the claim of duress applied to the agreement as a whole and that, as a result, the arbitrators should decide that claim. The court noted, however, that if it were to decide the issue of duress, it would not find that Dennis Technology signed the agreement under duress because it had been operating under a "very similar agreement" since 2002 that allowed Nextel to terminate its dealership without cause upon 30 days' notice. The court found no foundation for Dennis's claim that Sprint Nextel had forced him to sign the agreement after telling him that it would not honor the 30-day-notice provision and would not pay accrued CSAs, because Dennis testified that he did not know who made the

8

statement, when it was made, whether it was made in person or over the telephone, or who else was present when it was made. The court further found that Dennis Technology "arguably" still had the right to "pursue an arbitration claim for breach of contract" if any CSAs were not fully paid or if it incurred other damages as a result of the termination.

The court found that Dennis Technology had entered into the 2006 AR Agreement "with full knowledge of the facts and its terms" and that it chose the "Exclusive Dealer plan," which required it to exclusively sell Sprint Nextel products and services in exchange for greater compensation. The court noted that Dennis Technology had "continued to accept compensation under the 2006 Agreement for many months" but that when Sprint Nextel terminated the agreement in March 2007, it "obtained injunctive relief to prevent termination of the agreement, thus affirming the validity of the 2006 [AR] Agreement."

The court further determined that Dennis Technology had failed to prove that the 2006 AR Agreement was unconscionable and that the issue of unconscionability was for the arbitrators to decide. The court stated that if it were to decide the issue of unconscionability, it would find that the 2006 AR Agreement "was a commercial contract entered into by both parties exercising their own free will." The court did not find the selection of New York City as the location of the arbitration unconscionable: "Dennis Technolog[y] did not present sufficient evidence that the cost of arbitration in New York would be prohibitive such that it would be deprived of the ability to fairly arbitrate; nor did [it] present any evidence that litigating in Madison County would be less expensive than arbitrating in New York."

The court found that Sprint Nextel had not waived its right to arbitrate by filing the motion to compel arbitration without first negotiating or mediating the dispute, because the agreement included no provision requiring it "to negotiate or mediate *after* Dennis Technolog[y] filed a lawsuit" against it. (Emphasis in original.) The court denied Dennis Technology's motion to reconsider, and this appeal followed.

9

ANALYSIS

The parties disagree on the appropriate standard of review for this case. Dennis Technology asserts that the appropriate standard is *de novo* because the trial court's construction of an arbitration agreement states a question of law. That is correct to the extent that our decision involves interpreting the parties' agreement. *Peach v. CIM Insurance Corp.*, 352 Ill. App. 3d 691, 694 (2004) (the review of a trial court's construction of an arbitration agreement is a question of law). Sprint Nextel argues that we must apply the abuse-of-discretion standard because the trial court conducted a full-day evidentiary hearing and made several findings of fact in granting the motion to compel arbitration. This is an interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Jan. 1, 2003), under which the pivotal issue is whether there is a sufficient showing to sustain the trial court's order, and the standard of review for the trial court's ultimate decision is whether it abused its discretion in granting or denying the requested relief. *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1189 (2000). However, our review of the court's interpretation of the parties' agreement is *de novo*. *Peach*, 352 Ill. App. 3d at 694.

The trial court's finding that there was a valid arbitration agreement covering the dispute between Dennis Technology and Sprint Nextel involves interpreting the parties' agreement, and the review is *de novo*. Congress enacted the Federal Arbitration Act (9 U.S.C. §1 *et seq.* (2006)) in order to overcome judicial resistance to arbitration. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Section 2 of the Federal Arbitration Act "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Id*. at 443; 9 U.S.C. §2 (2006). Section 2 provides as follows:

"A written provision in any *** contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract

10

or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2 (2006).

Challenges to the validity of an arbitration agreement are divided into two types. *Buckeye Check Cashing, Inc.*, 546 U.S. at 444. One type challenges the validity of the agreement to arbitrate, and the other challenges the contract as a whole, on grounds that directly affect the entire agreement or that render the entire contract invalid due to the illegality of a provision of the contract. *Id.* "[R]egardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449.

In this case, the parties agreed to binding arbitration of "[a]ny controversy, dispute or claim arising out of the interpretation, performance or breach of this Agreement." Dennis Technology's challenges to Sprint Nextel's motion to compel arbitration all went to the contract as a whole rather than exclusively to the agreement to arbitrate. Therefore, the trial court correctly decided that Dennis Technology's challenges to the contract must be considered by the arbitrators. We will briefly address the issues Dennis Technology raises on appeal.

Dennis Technology first argues that Sprint Solutions is the only third-party defendant that can compel arbitration because none of the others signed the 2006 AR Agreement. The trial court ruled that there was a valid and enforceable agreement between Dennis Technology and all the third-party defendants except Trask and DM Communication but that Dennis Technology's third-party action against Trask and DM Communication should be stayed pending the outcome of the arbitration. Dennis Technology concedes that there is a

11

valid arbitration agreement under which Sprint Solutions is entitled to compel arbitration and stay the trial court proceedings. We determine this issue under Virginia law pursuant to the parties' agreement. On appeal, Dennis Technology does not challenge this choice-of-law provision.

"[U]nder Illinois's choice-of-law rules, an express choice-of-law provision will be given effect if the provision does not contravene Illinois public policy and the state chosen bears a reasonable relationship to the parties or the transaction." *Hubbert v. Dell Corp.*, 359 Ill. App. 3d 976, 982 (2005). In our case, there is no public policy against the application of Virginia law. The parties agreed in the trial court that the applicable Virginia and Illinois laws were very similar. Additionally, there is a reasonable relationship between Sprint Nextel and Virginia. In oral arguments before the trial court, Sprint Nextel alleged that its headquarters at the time the parties entered into the 2006 AR Agreement was located in Reston, Virginia, and Dennis Technology did not dispute that assertion.

Virginia law provides, "A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, except upon such grounds as exist at law or in equity for the revocation of any contract." Va. Code Ann. §8.01-581.01 (2008). Virginia law additionally provides as follows: "On application of a party showing an agreement described in §8.01-581.01, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. However, if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue of the existence of an agreement and shall order arbitration only if found for the moving party." Va. Code Ann. §8.01-581.02(A) (2008). Under Virginia law, the trial court is authorized in the first instance to decide issues of arbitrability, unless the parties have specifically agreed in their contract that the issue of

12

arbitrability is for the arbitrators. *Waterfront Marine Construction, Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B & C*, 251 Va. 417, 425, 468 S.E.2d 894, 898 (1996).

Generally, under Virginia law, the right to compel arbitration stems from the underlying contract, and one who has not signed that contract may not compel arbitration. *Mission Residential, LLC v. Triple Net Properties, LLC*, 275 Va. 157, 161, 654 S.E.2d 888, 890 (2008) (a party cannot be compelled to arbitrate unless he has agreed to arbitrate, and the one seeking to compel arbitration has the burden of proving the existence of the agreement). The 2006 AR Agreement is "between Sprint Solution, Inc., on behalf of itself and its affiliates that provide products and services ('Sprint') and Dennis Technology, Inc." There is no definition in the agreement for the term "affiliates" as used in the introductory paragraph, but Dennis Technology argues that the term "affiliates" in the introductory paragraph is synonymous with the term "Sprint Affiliates/Nextel Partners," which is defined in the 2006 AR agreement as referring to "third parties not affiliated with Sprint that offer Sprint Services outside of the geographic area covered by this Agreement." Dennis Technology therefore contends that the term "affiliates" means "third parties not affiliated with Sprint." Under the 2006 AR Agreement, Dennis Technology's argument fails.

We agree with the trial court's ruling on this issue:

"Certain findings of fact and law in support of this order were made. First, this Court interprets the word 'affiliates' in the Agreement in question to include all the Third-Party Defendants but for Ralph Trask and DM Communication[]. The Court gives this word its plain and ordinary meaning because it does not appear that the term is otherwise defined in the agreement. Also, Dennis Technolog[y] chose to sue all five Sprint third-party defendants for breach of contract and related causes of action. Therefore, if these defendants are not parties to the contract, there would be no basis for a contract cause of action against them."

13

The terms of the 2006 AR Agreement do not support Dennis Technology's interpretation, under which we would be required to find that Sprint Solutions entered into the agreement on behalf of its "affiliates," which are third parties not affiliated with Sprint Nextel, an interpretation that makes no sense and is contrary to other terms of the agreement. The record supports the court's finding that the term "affiliates" refers to all the third-party defendants except Trask and DM Communication. Frock testified at length about the functions of each third-party defendant and how each is related to Sprint Solutions and Sprint Nextel. As a result, the trial court had evidence about the interrelationship between the third-party defendants and their affiliations to Sprint Solutions, a sufficient basis for determining that all the third-party defendants except Trask and DM Communication were covered by the term "affiliates."

In a related argument, Dennis Technology asserts that the trial court abused its discretion by staying the proceedings against Trask and DM Communication, who are not parties to the 2006 AR Agreement and are not included in the order compelling arbitration. Dennis Technology claims that it has no remedy against Trask and DM Communication now that the trial court has stayed the proceedings against them. That argument misstates the record. The trial court granted Trask's and DM Communication's motion to stay further trial court proceedings pending a resolution by arbitration of the issues between the remaining third-party defendants and Dennis Technology.

In their motion, Trask and DM Communication alleged as follows: "Dennis Technology's claims against Trask and DM Communication are so closely related to the claims between Sprint and Dennis Technology that arbitration of those claims [is] likely to resolve the issues involving Trask and DM Communication. Indeed, the parties would duplicate their efforts in having to litigate as well as arbitrate similar legal issues and facts if the claims against Trask and DM Communication were not stayed pending conclusion of

14

the arbitration claims between Dennis Technology and Sprint." Therefore, in granting the motion for a stay, the trial court did not leave Dennis Technology without a remedy but merely ordered Dennis Technology to wait to pursue litigation against Trask and DM Communication until a resolution of the arbitration between Dennis Technology and the remaining third-party defendants. The court did not abuse its discretion in granting the motion for a stay because it furthers the legitimate goal of judicial economy and the strong policy favoring arbitration. Moreover, the issues involving the third-party defendants are sufficiently interrelated that there may be no need for further litigation after the resolution of the arbitration.

Dennis Technology's remaining arguments–that the contract is unconscionable and that Sprint Nextel has waived its right to arbitration because it failed to comply with certain conditions precedent–are not for the court to decide but must be decided by the arbitrators. Under Virginia law, once it is established that the parties have entered into an agreement to arbitrate, there is a presumption in favor of arbitration, and "the remaining question is whether the scope of the agreement is broad enough to include the disputed issue." *Mission Residential, LLC*, 275 Va. at 161, 654 S.E.2d at 890. In the case at bar, Dennis Technology admits that it entered into an agreement to arbitrate, but it argues that the agreement should not be enforced. The record supports the trial court's conclusion that Sprint Nextel is entitled to submit all the issues raised in the third-party complaint to arbitration. The broad language of the arbitration provision requires us to find that all the issues raised by Dennis Technology in its third-party complaint are covered by the agreement to arbitrate, the merits of which must be decided by the arbitrators. See *East Coast Hockey League, Inc. v. Professional Hockey Players Ass'n*, 322 F.3d 311, 314-15 (4th Cir. 2003) (courts should rule in favor of arbitration unless the terms of the contract positively show that the issue is not subject to arbitration, and if the issue is arbitrable, the court is not to rule on the potential merits).

Dennis Technology makes a final argument–that the trial court had no authority to compel arbitration outside its jurisdiction. Sprint Nextel correctly points out that Dennis Technology has forfeited this argument because it did not raise it in the trial court. "Questions not raised in the trial court cannot be argued for the first time on appeal." *Parks v. Kownacki*, 193 Ill. 2d 164, 180 (2000). Therefore, this issue is forfeited.

## CONCLUSION

For all the reasons stated, we affirm the trial court's grant of the motion to compel arbitration and for a stay of further proceedings against all the third-party defendants.


Affirmed.

NO. 5-09-0568

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| SHERRILL SABO, | ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL DENNIS and DENNIS TECHNOLOGY, LLC, | ) | |
| Defendants. | ) | |
| | ) | |
| ----------------------------------------------------------------- | ) | No. 07-L-311 |
| | ) | |
| DENNIS TECHNOLOGY, LLC, | ) | |
| | ) | |
| Third-Party Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT NEXTEL CORPORATION, NEXTEL RETAIL STORES, LLC, NEXTEL OPERATIONS, INC., SPRINT SPECTRUM, L.P., SPRINT SOLUTIONS, INC., RALPH TRASK, and DM COMMUNICATION SERVICES, INC., | ) ) ) ) ) ) ) | Honorable David A. Hylla, |
| Third-Party Defendants-Appellees. | ) | Judge, presiding. |

**Rule 23 Order Filed:** January 28, 2011
**Motion to Publish Granted:** March 8, 2011
**Opinion Filed**: March 8, 2011

**Justices**: Honorable Bruce D. Stewart, J.

Honorable Melissa A. Chapman, P.J., and
Honorable James M. Wexstten, J.,
Concur

**Attorneys for Appellant**    Thomas G. Maag, Maag Law Firm, LLC, 22 W. Lorena Ave., Wood River, IL 62095; Patricia L. Dennis, Dennis Law Office, 115 South Main Street, Edwardsville, IL 62025

**Attorneys for Appellees**    John L. Gilbert, Hinshaw & Culbertson, LLP, 156 North Main, Suite 206, Edwardsville, IL 62025; Frederic R. Klein, Deborah Rzasnicki Hogan, Goldberg, Kohn, Ltd., 55 East Monroe Street, Suite 3300, Chicago, IL 60603