2025 IL App (1st) 241287-U

SIXTH DIVISION

May 23, 2025

No. 1-24-1287

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| STEPHEN BROWN, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 23CH8522 |
| CITADEL AMERICAS LLC, | ) | |
| | ) | Honorable |
| Defendant-Appellee. | ) | Anna M. Loftus, |
| | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We affirm the circuit court's grant of defendant's motion to dismiss and compel arbitration where the issues were arbitrable, and the parties had a valid and enforceable arbitration agreement.

¶ 2    Plaintiff-Appellant Stephen Brown appeals from an order of the circuit court granting Defendant-Appellee Citadel Americas LLC's motion to dismiss and compel arbitration under 735 ILCS 5/2-619(a)(9) (West 2022). For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 3                                     I. BACKGROUND

¶ 4    Stephen Brown was employed by Citadel before his termination. In his employment contract with Citadel, the Agreement contained a clause stating:

> "(a) all disputes and claims of any nature that I may have against [Citadel] . . . including . . . any disputes concerning the validity, enforceability or applicability of this Mediation/Arbitration Agreement . . . and (b) all disputes and claims of any nature that Citadel may have against me, will be submitted exclusively first to mandatory mediation and, if unsuccessful, to mandatory binding arbitration. . . under the American Arbitration Association Commercial Arbitration Rules and Mediation Procedures (AAA)."

¶ 5    The Agreement also stated that it shall be "governed by and interpreted in accordance with the Federal Arbitration Act," and to the extent that state law applies, it "will be interpreted, enforced, and governed according to the laws of the State of Delaware (without regard to conflict of law principles)."

¶ 6    In July 2022, Brown commenced confidential mediation and arbitration proceedings following his termination from Citadel. During the proceedings, Brown and Citadel entered an Agreed Confidentiality Order which required both parties to keep all documents regarding the proceedings confidential. The Agreed Confidentiality Order also required that in any court proceeding to confirm or vacate the arbitration award, both parties must seek leave to file under seal any information that was confidential in arbitration.

¶ 7 Citadel claimed that during the proceedings, Brown breached the Agreed Confidentiality Order by filing pleadings and papers in the circuit court referencing confidential matters from the arbitration proceeding. In response, Citadel initiated mediation with Brown under the Agreed Confidentiality Order. The mediation proved unsuccessful, and Citadel filed an arbitration demand against Brown with the AAA, seeking damages for Brown's alleged breaches of the confidentiality provisions in the Agreed Confidentiality Order. Citadel also filed a second arbitration against Brown for a declaration that he had forfeited his interests in Citadel's Employee Incentive Program.

¶ 8 The AAA panel unanimously ruled against Brown in favor of Citadel. Brown filed a complaint in the circuit court to vacate the award under the Illinois Arbitration Act. Citadel moved to dismiss the complaint because Brown sought relief under the Illinois Arbitration Act as opposed to the Federal Arbitration Act. On January 23, 2024, Brown moved for leave to amend his complaint. After a hearing, the circuit court denied Brown's motion to amend and granted Citadel's motion to dismiss on May 21, 2024. The court found that although Brown "argue[d] the delegation clause is unconscionable . . . none of the bases identified by the plaintiff [Brown] specifically attack the delegation clause and establish that the delegation clause itself unconscionable," and "challenges to the validity of an arbitration agreement with a valid delegation clause go to the arbitrator." This appeal followed.

¶ 9                                    II. JURISDICTION

¶ 10 The circuit court dismissed Brown's complaint with prejudice and compelled arbitration on May 20, 2024. Brown timely filed his notice of appeal on June 18, 2024. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 11                                    III. ANALYSIS

¶ 12   On appeal, Brown contends that the circuit court: (1) erred when it compelled arbitration and declined to consider challenges to the delegation clause; (2) abused its discretion in denying him leave to amend his complaint; (3) erred in failing to find the delegation clause unconscionable, and (4) erred when it declined to consider challenges to the remainder of the arbitration agreement to inform the unconscionability of the delegation clause.

¶ 13   A motion to compel arbitration is fundamentally a section 2-619(a)(9) motion to dismiss or stay an action based on an affirmative matter, the exclusive remedy of arbitration. *Nord v. Residential Alternatives of Illinois, Inc.*, 2023 IL App (4th) 220669, ¶ 28. In ruling on a motion to dismiss and compel arbitration pursuant to section 2-619, the court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 141 (2006).

¶ 14   Generally, the standard of review for an order granting or denying a motion to compel arbitration is abuse of discretion. *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105 (2001). But when the circuit court's decision is made without an evidentiary hearing and without findings on any factual issues, this court's standard of review is *de novo*. *Travis v. American Manufacturers Mutual Insurance Company*, 335 Ill. App. 3d 1171, 1174 (2002). If a valid arbitration agreement exists and the dispute falls within the scope of that agreement, arbitration is mandatory, and the court's determination to compel arbitration is not discretionary. *Id*.

¶ 15   The circuit court should act expeditiously to issue a substantive disposition of a motion to compel arbitration. *Herns v. Symphony Jackson Square LLC*, 2021 IL App (1st) 201064. "When faced with a motion to compel arbitration, the trial court must separately address each issue raised by the motion, supporting its resolution of each with specific reasons, be they legal points or

findings of fact." *Onni v. Apartment Investment & Management Company*, 344 Ill. App. 3d 1099, 1104 (2003).

¶ 16    We note that Brown acknowledges his complaint contested only the confidentiality provision of the mediation/arbitration agreement and not the validity of the agreement itself. The circuit court's decision to grant the motion to compel arbitration was based on its analysis and subsequent granting of defendant's motion to dismiss Brown's declaratory judgment complaint under section 2-619(a)(9) of the Code. (735 ILCS 5/2-619(a)(9) (West 2022)) (involuntary dismissal based on an affirmative defense that bars or defeats the legal effect of the claim). Accordingly, we must determine whether the circuit court's reasoning supports a finding that Citadel made an adequate showing to compel arbitration. See *Federal Signal Corp.*, 318 Ill. App. 3d at 1106.

¶ 17    In the case *sub judice*, Brown allegedly breached the Agreed Confidentiality Order by filing pleadings and papers referencing confidential matters from the arbitration proceeding. Citadel initiated mediation with Brown under the Agreed Confidentiality Order. Brown responded by seeking a declaratory judgment that the confidentiality provisions in the Agreed Confidentiality Order violated Illinois public policy and is unenforceable.

¶ 18    In response, Citadel contends Brown's complaint falls within the scope of the mandatory arbitration provision in the parties' agreement which provides that any dispute "concerning the validity, enforceability, or applicability of this Mediation/Arbitration Agreement is subject to mandatory binding arbitration". Further, Brown's challenge of unconscionability to the confidentiality provision under Illinois law does not warrant a different determination than that of the circuit court because the agreement itself is governed by Delaware state law.

¶ 19    The circuit court determined that Brown did not "specifically attack the delegation clause and establish the delegation clause itself unconscionable. The attack goes to whether the agreement itself is unconscionable and challenges to the validity of an arbitration agreement with a valid delegation clause goes to the arbitrator." Our review of the record supports the same contention. At a hearing to compel arbitration, the only issue for the circuit court is whether an agreement exists to arbitrate the dispute in question. *Brookner v. General Motors Corporation*, 2019 IL App (3d) 170629, ¶ 17.

¶ 20    Brown commenced confidential mediation and arbitration proceedings following his termination from Citadel. The record supports the contention there was no allegation or showing that the arbitration agreement, under which Brown initially commenced proceedings, was unconscionable. Brown now contends the delegation clause is unconscionable based on Illinois public policy, but he availed himself of the same arbitration provision by commencing proceedings with the AAA. Further, the agreement is governed by Delaware law and not Illinois law.  We find *Sabo v. Dennis*, 408 Ill. App. 3d 619, 630 (1st Dist. 2011) instructive. In *Sabo*, the court held, "The broad language of the arbitration provision requires us to find that all the issues raised by Dennis Technology in its third-party complaint are covered by the agreement to arbitrate, the merits of which must be decided by the arbitrators." *Id*. Accordingly, as in *Sabo*, the broad arbitration provision here also requires a finding that Brown's claims fall within the scope of the agreement and must be decided by the AAA. The record supports the circuit court's grant of Citadel's motion to dismiss and compel arbitration based on the valid arbitration agreement signed by the parties.

¶ 21    Finally, we must determine whether the court abused its discretion in denying Brown leave to amend his complaint. Brown contends his amended complaint met the *Loyola* factors outlined in *Loyola Academy v. S & S Roof Maintenance Inc.*, 146 Ill. 2d 263, 275-276 (1992). Pursuant to

*Loyola*, a court considers: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id*. at 273. We note courts are encouraged to liberally and freely allow the amendment of pleadings, but where the proposed amendment does not cure the defective pleading, such leave may be denied. See *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432 (1992); See also *Mills v. County of Cook*, 338 Ill. App. 3d 219, 224 (2003) ("The circuit court should grant leave to amend a complaint unless it is apparent that even after amendment no cause of action can be stated").

¶ 22   We find the circuit court did not abuse its discretion in denying Brown leave to file his amended complaint because his proposed amendments did not specifically attack the delegation clause. In *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-49 (2006), the Court determined that, "Regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not [a challenge] specifically to the arbitration clause, must go to the arbitrator." As in *Buckeye Check Cashing, Inc.*, Brown's proposed amendments attack the agreement, but not the delegation clause.  Thus, the matter must go to arbitration for resolution. *Id*. See also, *Ragan v. AT&T Corp.*, 355 Ill. App. 3d 1143, 1158 (2005).

¶ 23   Following briefing on this matter, Brown asked this court to review *Hwang v. Pathway LaGrange Prop. Owner, LLC*, 2024 IL App (1st) 240534. We find the facts in *Hwang* distinguishable. In *Hwang*, the arbitration agreement on which the parties agreed, did not address mandatory binding arbitration for disputes concerning validity, enforceability, or applicability. Hence, we find Hwang inapposite. See *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938,

943 (1995). (the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute).

¶ 24    We also find *Hwang* distinguishable because in *Hwang* the plaintiff filed the initial complaint in the circuit court alleging negligence and premises liability, and defendant argued that the arbitration agreement was not unconscionable. The court found it was unconscionable because Hwang was scheduled to be admitted to the facility on the next day. The arbitration agreement was on a pre-printed form, and Hwang had no opportunity to negotiate its terms or consult with an attorney. Further, the arbitration agreement required the nursing home residents to arbitrate their most likely claims but exempted from arbitration the nursing home's most likely claims. The court also found that given "the one-sided nature of the arbitration obligation, the confidentiality clause, the provision prohibiting punitive damages, the provision capping damages at $250,000, and Hwang's lack of bargaining power when signing the agreement [made] the arbitration agreement substantively unconscionable and, therefore, unenforceable." *Hwang*, 2024 Ill. App. (1st) 240534, at ¶25.

¶ 25    Here, unlike *Hwang*, the Mediation/Arbitration Agreement states that all disputes concerning the validity, enforceability, or applicability of the agreement must be submitted exclusively for mediation and if unsuccessful, to mandatory binding arbitration. Citadel argues that Brown, a sophisticated hedge fund employee, was free to refuse the agreement and seek other employment. Here, the issue of unconscionability of the delegation clause is an issue for arbitration, but we note that Brown now seeks to invalidate the Mediation/Arbitration agreement that he availed himself of by commencing confidential mediation and arbitration proceeding upon his termination from Citadel.

¶ 26                                    IV. CONCLUSION

¶ 27    The circuit court did not err in granting Citadel's motion to dismiss and compel arbitration, nor did it abuse its discretion in denying Brown leave to file his amended complaint. We further find the issue of whether the delegation clause is unconscionable is an issue that must be resolved in arbitration. *Sabo*, 408 Ill. App. 3d 619, 630 (1st Dist. 2011).

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 29    Affirmed.